UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Patrick Falley

vs.

Friends University

Case No. 10-1423-CM-JPO

# COMPLAINT

**Parties**

1. Plaintiff is a resident of Sedgwick County, Kansas.

2. Defendant is a private college located in Wichita, Sedgwick County, Kansas. Defendant can be served by service on its counsel, Jerald Rogers of Triplett, Woolf & Garretson, LLC at 2959 North Rock Road, Suite 300, Wichita, Kansas 67202.

**Jurisdiction and Venue**

3. This court has jurisdiction pursuant to 28 U.S.C §1331, as Plaintiff alleges violations of the Americans with Disabilities Act in connection with his employment.

4. Plaintiff's claims arise out of his employment and the termination of his employment with Defendant, which occurred in Sedgwick County, Kansas.  Venue is proper pursuant to 28 U.S.C. §1391.

**Exhaustion of Administrative Remedies**

5. Plaintiff has exhausted his administrative remedies, as he filed a claim with the EEOC a few days after his termination and has received a right to sue letter from the EEOC on October 2, 2010.

6. This lawsuit is filed less than 90 days after his receipt of a Right to Sue letter.

**Facts about Plaintiff's long term employment with Defendant**

7. Plaintiff was employed by Defendant for more than 18 years and, until he began to have back problems had an exceptional attendance record. His most recent position was performing the electrical work in the Maintenance Department. In this position, he seldom needed to lift more than 35 pounds. He could perform the essential functions of his job with accommodation even if he were restricted to lifting no more than 35 pounds.

8. Defendant is an employer and Plaintiff was an employee as those terms are used in the Americans with Disabilities Act, 42 U.S.C. §12102 et seq.

**Facts about Plaintiff's physical impairment and disability**

9. Plaintiff began having difficulties with his back in July of 2009. His physician initially treated his back conservatively.

10. During the events in question, Plaintiff was a qualified person with a disability as that phrase is used in the Americans with Disabilities Act, 42 U.S.C. §12102. Plaintiff's back injury was a physical impairment that limited his major life activities including working, caring for himself, standing, lifting and bending. It was neither transitory nor minor.

11. Plaintiff also was regarded as having a disability because Friends University terminated him because of his physical impairment or because of its perception of his physical impairment.

12. Plaintiff took some time off work in October of 2009 because his back pain made it impossible for him to work. In November of 2009, he returned to work with no restrictions except a 50 pound weight limitation. He could perform the essential functions of his job with accommodation even though his doctor had given him a 50 pound weight restriction.

13. Plaintiff had back surgery on December 16, 2009. He was completely off work

for almost two months as he recuperated from that surgery.

**Facts about Defendant's failure to accommodate Plaintiff**

14. Plaintiff notified Defendant that he was scheduled for surgery in December and that he planned to return to work on February 16, 2010. Plaintiff returned to work on February 16, 2010 with temporary restrictions of no lifting over 10-15 pounds and no prolonged standing or walking and no excessive bending or twisting.

15. Plaintiff provided Defendant with temporary restrictions and a doctor's note which said that he was scheduled to be rechecked in the middle of March. Plaintiff planned to ease back into his job by temporarily working part time and/or working on light duty as his back recovered and strengthened.

16. Defendant did not participate in an interactive process with Plaintiff when Plaintiff returned to work on February 16, 2010. Defendant did not ask for clarifications about whether Plaintiff's restrictions were temporary or permanent nor did it ask Plaintiff whether a reasonable accommodation would have allowed Plaintiff to perform the essential functions of his job.

17. Despite Defendant's failure to comply with its obligations under the ADA, Plaintiff told his boss that his restrictions were temporary and that he would have his restrictions gradually lifted as he recovered.

18. On February 22, 2010 Defendant's representatives called Plaintiff in and terminated his employment without warning. When Plaintiff asked why he was being fired, Paul Winchester replied "I have stuff we need to do and you cannot do it."

19. Defendant's representatives did not engage in an interactive process with Plaintiff on February 22, 2010. They did not ask Plaintiff whether his restrictions were permanent. They

did not ask Plaintiff whether he could return to work with a reasonable accommodation. Plaintiff did not volunteer these things because he had already talked to his supervisor about them and because he was surprised that he was being fired.

20. Plaintiff's disability could have been accommodated through a short term leave so that he could have time to recover from his back surgery.

21. Plaintiff's disability could have been accommodated by allowing him to work part-time while he recovered from back surgery.

22. Plaintiff's disability could have been accommodated by placing him in an open position for which he was qualified.

23. Plaintiff's disability could have been accommodated by allowing him to take his vacation and sick leave so that he could finish his back surgery recovery.

24. At the time Plaintiff was discharged, he still had over 80 hours of sick leave and over 200 hours of vacation available. Had he been allowed to use his sick leave or vacation to take the time he needed to recuperate, he could have returned to work as his back healed.

25 Allowing Plaintiff to take vacation and sick leave would not have caused Defendant undue hardship. Allowing Plaintiff a temporary leave or the opportunity to perform light duty or part time work would not have worked an undue hardship on Defendant.

**Facts about Plaintiff's improvement in the weeks after his discharge**

26. In March 2010, just a few weeks after he was discharged, his doctor reduced his temporary restrictions to no lifting over 35 pounds and no repetitive lifting over 35 pounds. His standing, walking, bending and twisting restrictions were removed. With those temporary restrictions, Plaintiff could have performed the essential functions of his job with or without accommodation.

27. Alternatively, had Defendant allowed Plaintiff to take his sick leave and vacation or work part time for the few weeks until his restrictions were eased, Plaintiff could have been on leave during this part of his recovery and then returned to work in March when he was stronger.

28. Plaintiff notified Defendant that his restrictions had been lifted and he was available to work, but Defendant refused to reinstate him, even though Defendant had not filled his position at that time.

29. At the time Plaintiff was discharged, Defendant had a duty to place him in an alternate open position for which he was qualified, but Defendant did not do so.

**Count 1–Violation of the ADA**

30. Because of Defendant's failure to accommodate, discriminatory discharge, failure to engage in an interactive process, failure to transfer him to an open position and refusal to reinstate him, Plaintiff has suffered loss of income, anxiety and mental anguish, loss of benefits including retirement benefits and health insurance and loss of a college tuition scholarship for his son and other damages.  Plaintiff is entitled to prejudgment interest on his lost wages and benefits.

31. Defendant knew of the requirements of the ADA but it intentionally or recklessly discriminated against Plaintiff on the basis of his disability or perceived disability.  This justifies the imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant, for back pay, reinstatement, front pay, compensatory and punitive damages, prejudgment interest, attorneys fees and other such relief as the court deems just and equitable.

**Count 2–Violation of KAAD**

32. Defendant's failure to accommodate Plaintiff's disability and Defendant's

discriminatory discharge violate the Kansas Act Against Discrimination. Plaintiff is entitled to recover past and present lost wages and benefits and pain and suffering.

WHEREFORE, Plaintiff prays for lost wages, reinstatement, pain and suffering, front pay, back pay and other such relief as the court deems just and equitable.

**Count 3–Breach of express or implied provisions of contract**

33. At the time Plaintiff was terminated, he had temporary restrictions that were expected to be reduced in 3 weeks.  He also had more than two weeks of sick leave and more than 5 weeks of vacation.

34. One of the benefits Defendant had promised Plaintiff was sick leave and vacation. Both of these should have allowed Plaintiff time off of work.  Plaintiff had already completed the work which entitled him to these benefits, as sick leave and vacation were accrued by employees based on the time they were employed or the hours they had worked.

35. Despite having promised to give Plaintiff time off as sick leave or vacation, Defendant did not allow him to use his sick leave to recuperate to the point where he could perform the essential functions of his duty, even though Defendant had impliedly contracted with him to allow him to use sick leave when he was sick.

36. Had Defendant complied with its sick leave policy and/or its vacation policy and allowed Plaintiff to take his earned sick leave or vacation, Plaintiff would have recovered to the point where he could have performed the essential functions of his job duties and he could have remained employed with Defendant.  Because Defendant breached its contract with Plaintiff, Plaintiff suffered damages, including the loss of his job.  Alternatively, had Defendant allowed Plaintiff to use his vacation time to recuperate, Plaintiff would have been able to perform the essential functions of his job. Defendant breached its contract with Plaintiff.

37. Because of the loss of Plaintiff's job, he suffered loss of backpay, front pay, and benefits. He is entitled to prejudgment interest on his lost wages.

WHEREFORE, Plaintiff prays for back pay, front pay, benefits, attorneys fees and other such relief as the court deems just and equitable.

/s/ Gaye B. Tibbets
Gaye B. Tibbets, #13240
HITE, FANNING & HONEYMAN L.L.P.
100 N. Broadway, Ste. 950
Wichita, KS 67202-2209
Telephone: (316) 265-7741
Facsimile: (316) 267-7803
E-mail: tibbets@hitefanning.com
*Attorneys for Plaintiff*

**REQUEST FOR JURY TRIAL**

Plaintiff requests a jury trial on his claims against Defendant.

/s/ Gaye B. Tibbets
Gaye B. Tibbets

**DESIGNATION OF PLACE OF TRIAL**

Plaintiff designates Wichita, Kansas as the place for trial of this action.

/s/Gaye B. Tibbets
Gaye B. Tibbets