# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PATRICK FALLEY, )
)
       Plaintiff, )
) CIVIL ACTION
v. )
) Case No. 10-1423-CM
FRIENDS UNIVERSITY, )
)
       Defendant. )
_____)

## **MEMORANDUM AND ORDER**

Plaintiff brings this employment discrimination action, claiming that defendant terminated plaintiff's employment because of plaintiff's disability or perceived disability. Plaintiff also claims that defendant breached a contract entitling plaintiff to use sick leave and/or vacation when he was sick or injured. The case is in its early stages; it was filed less than four months ago, and trial is set for about one year from now. After defendant answered plaintiff's complaint, plaintiff filed a Motion to Strike Affirmative Defenses (Doc. 7), arguing that defendant's pleading is insufficient under the standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. –, 129 S. Ct. 1937 (2009).

The content of defendant's answer is not unlike many others this court sees. Without factual detail, defendant asserts several affirmative defenses through the following succinct statements:

- Plaintiff's contract claim is barred by the doctrines of acquiescence, waiver and estoppel.
- Any attempt at accommodation of Plaintiff's alleged disability would have imposed an undue hardship on Defendant.
- Plaintiff has failed to mitigate his damages, if any.
- Defendant reserves the right to assert such other affirmative defenses which are not now known, but which may become apparent through discovery.

(Doc. 5, Answer, at 6–7.) Plaintiff alleges that these statements are insufficient because plaintiff

does not know the factual basis for the assertions. According to plaintiff, he does not have fair notice of the defenses that defendant intends to present in the case. He therefore asks the court to strike the affirmative defenses identified above. In *Twombly* and *Iqbal*, the Supreme Court made clear that more than bare assertions and conclusions are required in a complaint. But the Supreme Court did not address the pleading requirements of defendants' answers.

The issue before the court is whether the pleading standards of *Twombly* and *Iqbal* apply to affirmative defenses, or only complaints. No appellate court has decided this issue, and district courts are split. In 2009, *Hayne v. Green Ford Sales Inc.* held that the *Twombly* plausibility standard applies to affirmative defenses. 263 F.R.D. 647, 649–50 (D. Kan. 2009). *Hayne* appears to be the majority position. *See, e,g., Castillo v. Roche Labs Inc.*, No. 10-20876-CIV, 2010 WL 3027726, at *3 (S.D. Fla. Aug. 2, 2010); *Palmer v. Oakland Farms, Inc.*, No. 5:10cv00029, 2010 WL 2605179, at *4 (W.D. Va. June 24, 2010); *CTF Dev., Inc. v. Penta Hospitality, LLC*, No. C 09-02429 WHA, 2009 WL 3517617, at *7–8 (N.D. Cal. Oct. 26, 2009); *Tracy v. NVR, Inc.*, No. 04-CV-6541L, 2009 WL 3153150, at *7 (W.D.N.Y. Sept. 30, 2009); *Shinew v. Wszola*, No. 08-14256, 2009 WL 1076279, at *5 (E.D. Mich. Apr. 21, 2009); *Safeco Ins. Co. of Am. v. O'Hara Corp.*, No. 08-CV-10545, 2008 WL 2558015, at *1 (E.D. Mich. June 25, 2008); *Holtzman v. B/E Aerospace, Inc.*, No. 07-80551-CIV, 2008 WL 2225668, at *2 (S.D. Fla. May 28, 2008). A number of courts, however, have determined that *Twombly* does not apply to affirmative defenses. *See, e.g., Lane v. Page*, – F.R.D. –, No. 06-1071 JB/ACT, 2011 WL 693176, at *6–14 (D.N.M. Jan. 14, 2011); *McLemore v. Regions Bank*, Nos. 3:08-cv-0021, 3:08-cv-1003, 2010 WL 1010092, at *12 (M.D. Tenn. Mar. 18, 2010); *Holdbrook v. Saia Motor Freight Line, LLC*, No. 09-cv-02870-LTB-BNB, 2010 WL 865380, at *2 (D. Colo. Mar. 8, 2010); *First Nat'l Ins. Co. of Am. v. Camps Serv., Ltd.*, No. 08-cv-12805,

2009 WL 22861, at *2 (E.D. Mich. Jan. 5, 2009); *Romantine v. CH2M Hill Eng'rs, Inc.*, No. 09-973, 2009 WL 3417469, at *1 (W.D. Pa. Oct. 23, 2009).

The court has reviewed the cases cited by the parties and conducted its own independent research. In reaching its decision, the court also considers the controlling standards for a motion to strike pursuant to Fed. R. Civ. P. 12(f): The court has discretion to strike an "insufficient defense" from a pleading. Fed. R. Civ. P. 12(f); *Resolution Trust Corp. v. Thomas*, No. 92-2084-GTV, 1995 WL 261641, at *1 (D. Kan. Apr. 25, 1995). A defense is insufficient if no circumstances exist under which it can succeed as a matter of law. *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008); *Resolution Trust Corp. v. Tri-State Realty Investors of K.C., Inc.*, 838 F. Supp. 1448, 1450 (D. Kan. 1993). Motions to strike, however, are disfavored. *Smith v. Boeing Co.*, No. 05-1073-WEB, 2009 WL 2486338, at *3 (D. Kan. Aug. 13, 2009); *Fed. Deposit Ins. Co. v. Niver*, 685 F. Supp. 766, 768 (D. Kan. 1987). In deciding a motion to strike, the court bears in mind the purpose of pleading an affirmative defense: to provide the plaintiff with fair notice. *See Siuda v. Robertson Transformer Co.*, No. 90-2245-L, 1992 WL 79311, at *3 (D. Kan. Mar. 16, 1992) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)) ("The key to pleading an affirmative defense is to give the plaintiff fair notice of the defense."). The court "should decline to strike material from a pleading unless that material has no possible relation to the controversy and may prejudice the opposing party." *Wilhelm*, 2008 WL 474265, at *2 (citations omitted).

With the high standards of Rule 12(f) in mind, the court next turns to the legal framework governing affirmative defenses. Federal Rule of Civil Procedure 8(c) states that "[i]n responding to a pleading, a party must <u>affirmatively state</u> any avoidance or affirmative defense. . . ." Fed. R. Civ. P. 8(c)(1) (emphasis added). In contrast, Rule 8(b) discusses defenses in general (including those

not specifically identified as affirmative defenses in Rule 8(c)). Rule 8(b) requires that a responding party "state in short and plain terms its defenses to each claim asserted against it. . . ." Fed. R. Civ. P. 8(b)(1)(A) (emphasis added). And, in further contrast, Rule 8(a) discusses the requirement for a party to state a claim for relief in his or her complaint. A plaintiff seeking relief must make, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2) (emphasis added).

The differences between the Rule 8 requirements identified above are significant to the court. Under the plain language of Rule 8, a party making a claim for relief in a complaint must plead allegations showing that such party is entitled to relief. No such requirement appears in subsection (b) or (c) governing defenses. To the contrary, a responding party must state defenses in short and plain terms. Fed. R. Civ. P. 8(b)(1)(A). And, arguably, a responding party asserting affirmative defenses is required to do no more than "affirmatively state" such affirmative defense. Fed. R. Civ. P. 8(c)(1). *But see Lane*, 2011 WL 693176, at *9–10 (applying the more general language of Rule 8(b) to all defenses, including affirmative defenses). Whether both Rule 8(b) and (c) apply to affirmative defenses or not is immaterial here. Either way, the requirement is markedly less demanding than that of Rule 8(a), where a pleading must show an entitlement to relief. The rule drafters chose to use different language in the three sections. The court cannot overlook that difference and require a factual showing where the rules do not require such showing.

In *Twombly*, the Supreme Court held that a complaint must offer sufficient allegations "to raise a right to relief above the speculative level." This requirement relied on the language of Rule 8(a)(2):

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,"

-4-

> *Conley v. Gibson*, 355 U.S. 41, 47 . . . (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.
>
> . . . .
>
> The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief."

*Twombly*, 550 U.S. at 555, 557 (internal citations omitted). Because of the differing languages in Rule 8(a), (b), and (c), the court determines that the rationale of *Twombly* does not apply to subsections (b) or (c)—where the pleading party bears no burden of showing an entitlement to relief.

The court's decision here is bolstered by additional considerations that the court will mention briefly. First, Fed. R. Civ. P. Form 30 serves as a form for presenting Rule 12(b) defenses. Form 30 states simply under "Failure to State a Claim": "The complaint fails to state a claim upon which relief can be granted." Fed. R. Civ. P. Form 30. There is no suggestion that factual allegations are required. Use of this official form to answer a complaint is sufficient under the Rules. *See* Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."). The brief and simple nature of this language indicates that no more detail is required of a defendant in an answer.

Second, the court finds logic in maintaining a higher standard for pleading claims than defenses. A plaintiff may take years to investigate and prepare a complaint, limited only by the reigning statute of limitations. But once that complaint is served, a defendant has only 21 days in which to serve an answer. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). And if a defendant fails to state an affirmative defense in its answer, it risks waiver. *See* Fed. R. Civ. P. 12(g)(2), (h)(1)(A). It makes sense to require more factual description of a plaintiff than a defendant under these circumstances.

Third, the court returns to the high bar for succeeding on a motion to strike. As previously noted, the court may strike an "insufficient defense." But striking an affirmative defense is considered a "drastic remedy," *Wilhelm*, 2008 WL 474265, at *2 (citation omitted), and the court should only utilize the legal tool where the challenged allegations cannot succeed under any circumstances, *Resolution Trust Corp.*, 838 F. Supp. at 1450. The court cannot make this finding based on the short and plain statement of defenses that defendant has made in this case.

And finally, the court is hesitant to encourage parties to bog down litigation by filing and fighting motions to strike answers or defenses prematurely. The intent of Rule 12(f) is to "minimize delay, prejudice, and confusion." *Resolution Trust Corp. v. Fleischer*, 835 F. Supp. 1318, 1320 (D. Kan. 1993) (citation omitted). But, as the court in *Lane v. Page* pointed out, [a]pplying [*Twombly* and *Iqbal*] to affirmative defenses would also invite many more motions to strike, which achieves little." 2011 WL 693176, at *14. The remedy for striking defenses at this stage of the litigation is often to allow amendment. *See Hayne*, 263 F.R.D. 647, 652 ("The majority of cases applying the *Twombly* pleading standard to affirmative defenses and striking those defenses have permitted the defendant leave to amend."). Applying the *Twombly* standard, therefore, would likely result in increased motions practice with little practical impact on the case's forward progression.

In summary, the court determines that the pleading standards of *Twombly* and *Iqbal* should be limited to complaints—not extended to affirmative defenses. Reviewing the defenses identified by defendant in its answer, the court finds that they are sufficient under Rule 8(b) and (c), and should not be stricken from the answer at this time.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Strike Affirmative Defenses (Doc. 7) is denied.

Dated this 14th day of April 2011, at Kansas City, Kansas.

                                          **s/ Carlos Murguia**
                                          **CARLOS MURGUIA**
                                          **United States District Judge**